**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Derrick Smith,<br><br>Petitioner,<br><br>v.<br><br>Denese Wilson, Warden,<br><br>Respondent. | Case No. 14-cv-0510 (PJS/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Derrick Smith, FCI Sandstone, Unit B, P.O. Box. 1000, Sandstone, MN 55072, *pro se*.

James E. Lackner, United States Attorney's Office, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Respondent.

HILDY BOWBEER, United States Magistrate Judge

**I.     INTRODUCTION**

This matter is before the Court on Petitioner Derrick Smith's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1]. Respondent Denese Wilson opposes the Petition and asks that it be dismissed for lack of jurisdiction and on the merits [Doc. No. 7]. The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court concludes that this District does not have jurisdiction to consider Smith's Petition. Therefore, it recommends that the Petition be denied and the action dismissed.

## II. BACKGROUND

On June 5, 2001, Petitioner was indicted by a federal grand jury in the United States District Court for the Western District of Missouri. (Indictment, *United States v. Smith*, No. 4:01-cr-00169-DW-1 (W.D. Mo. June 5, 2001), ECF No. 1.) Petitioner was charged with distribution of cocaine resulting in death, in violation of 21 U.S.C. § 841(b)(1)(C) (Count One), and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (*Id.*) On January 8, 2002, a jury convicted Petitioner of both counts. (Verdict, *United States v. Smith*, No. 4:01-cr-00169-DW-1 (W.D. Mo. Jan. 8, 2002), ECF No. 62.) On September 4, 2002, Petitioner was sentenced to a term of imprisonment of 340 months on Count One and 240 months on Count Two, to run concurrently. (J. & Commitment, *United States v. Smith*, No. 4:01-cr-00169-DW-1 (W.D. Mo. Sept. 4, 2002), ECF No. 87.) Because Petitioner was convicted on Count One, *i.e.*, that Petitioner's distribution of the cocaine to the victim, Elizabeth Callison, resulted in her death, 21 U.S.C. § 841(b)(1)(C) prescribed a longer sentence than if he had been convicted of distribution alone.[1]

Petitioner challenged his conviction and sentence by filing a direct appeal to the United States Court of Appeals for the Eighth Circuit. *United States v. Smith*, No. 02-3225,

---

[1] With respect to violations involving distribution of a Schedule I or II substance, the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, imposes sentences ranging from ten years to life imprisonment for large-scale distributions, 21 U.S.C. § 841(b)(1)(A); five to forty years for medium-scale distributions, 21 U.S.C. § 841(b)(1)(B); and not more than twenty years for smaller distributions, 21 U.S.C. § 841(b)(1)(C). But when "death or serious bodily injury results from the use of [the distributed] substance," a defendant "shall be sentenced to a term of imprisonment which . . . shall be not less than twenty years or more than life," a substantial fine, "or both." 21 U.S.C. §§ 841(b)(1)(A)-(C).

2003 WL 1912894, at *1 (8th Cir. Apr. 21, 2003).  With respect to Count One, Petitioner challenged the portion of the jury instruction stating that the Government need not prove the transfer of cocaine was in exchange for money, or that it was foreseeable to Petitioner that the cocaine would or could cause the death of Ms. Callison.  *Id.*  The Eighth Circuit rejected Petitioner's arguments on all issues raised, and affirmed his conviction and sentence.  *Id.*  Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 14, 2003.  *Smith v. United States*, 540 U.S. 959 (2003).

On October 15, 2004, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective in various ways.  (Mot. 28 U.S.C. § 2255, *Smith v. United States*, No. 4:04-cv-951-DW (W.D. Mo. Oct. 15, 2004), ECF No. 1.)  The court disagreed, denied Petitioner's motion, and declined to issue a certificate of appealability on the claims raised in the motion.  (Order, *Smith v. United States*, No. 4:04-cv-951-DW (W.D. Mo. Aug. 12, 2005), ECF No. 22.)  Petitioner filed an appeal, but the Eighth Circuit denied the application for a certificate of appealability and dismissed the appeal on May 8, 2006.  (J. Notice Appeal, *Smith v. United States*, No. 4:04-cv-951-DW (W.D. Mo. July 6, 2006), ECF No. 32.)

On April 3, 2009, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of Minnesota.  (Pet. 28 U.S.C. § 2241, *Smith v. Fondren*, No. 09-cv-764 (PJS/RLE) (D. Minn. Apr. 3, 2009), ECF No. 1.)  Petitioner sought to be resentenced in light of Amendment 709 to the United States Sentencing Guidelines, which became effective after he was sentenced.  (*Id.*)  The court dismissed the petition for lack of jurisdiction, explaining that such a challenge must be brought in the sentencing court under

18 U.S.C. § 3582(c). *Smith v. Fondren*, No. 09-cv-0764 (PJS/RLE), 2009 WL 2171109, at *1 (D. Minn. July 20, 2009).

On October 9, 2013, Petitioner sought reconsideration of his § 2255 motion, and in the alternative, moved for resentencing in the Western District of Missouri. (*Pro Se* Mot., *Smith v. United States*, No. 4:04-cv-00951-DW (W.D. Mo. Oct. 9, 2013), ECF No. 38.) On January 2, 2014, the court denied Petitioner's motion, because Petitioner had not received authorization from the United States Court of Appeals for the Eighth Circuit to file a subsequent motion challenging this sentence. (Order, *Smith v. United States*, No. 4:04-cv-00951-DW (W.D. Mo. Jan. 2, 2014), ECF No. 43.)

On February 24, 2014, Petitioner filed the instant petition under 28 U.S.C. § 2241, asking this Court to vacate his conviction on Count One and adjust his sentence accordingly, in light of the Supreme Court's recent decision in *Burrage v. United States*, 134 S. Ct. 881 (2014). (Pet. [Doc. No. 1].) *Burrage* clarified that the "death results" enhancement of 21 U.S.C. §§ 841(b)(1)(A)-(C) applies only where the jury finds beyond a reasonable doubt that the controlled substance distributed by the defendant was a "but-for" cause of the victim's death. *Burrage v. United States*, 134 S. Ct. at 887, 892 (2014). Petitioner argues that the cocaine he distributed was not a but-for cause of Ms. Callison's death and therefore, under *Burrage,* he is actually innocent of Count One. (Pet. at 3, 5.)

### III. DISCUSSION

#### A. Legal Standard

Title 28 U.S.C. § 2241 and § 2255 provide federal prisoners with distinct forms of collateral relief. Whereas § 2255 applies to attacks on the validity of a federal prisoner's

4

conviction or sentence, § 2241 applies to challenges to the manner in which the sentence is being administered. *Swehla v. Wilson*, No. 13-cv-1919 (SRN/JJK), 2013 WL 6190379, at *7 (D. Minn. Nov. 27, 2013).

As a general rule, a federal prisoner may collaterally challenge the imposition of a conviction or sentence only by filing a motion under § 2255 in the original trial court. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). But under very limited circumstances, § 2255(e) authorizes a federal prisoner to file a § 2241 petition in the federal court of the jurisdiction where the petitioner is confined when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This provision is sometimes referred to as the "savings clause" because when it applies, it can save a § 2241 petition from dismissal under the § 2255 exclusive remedy rule. If, however, the petitioner cannot show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention," the district court lacks subject matter jurisdiction to hear his collateral challenge to a conviction or sentence under § 2241. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1983).

Section 2255 does not define "inadequate or ineffective," but courts have interpreted the phrase very narrowly. *Swehla*, 2013 WL 6190379, at *8. The remedy under § 2255 is

5

not inadequate or ineffective simply because there is a procedural barrier to bringing a § 2255 motion, or because the claim was raised and rejected in a previous § 2255 motion, or because the remedy under that section is time-barred. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Likewise, the remedy is not inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." *Id.* at 963.

Thus far, the Eighth Circuit has declined to decide "whether a claim of 'actual innocence' allows petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *Abdullah,* 392 F.3d at 960. This district, however, citing Seventh Circuit precedent, has held that the savings clause can apply to a claim of actual innocence, but only where the prisoner "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Swehla*, 2013 WL 6190379, at *8 (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). Specifically, "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Swehla*, 2013 WL 6190379, at *8 (citing *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001)).

Elaborating on its decision in *Davenport*, the Seventh Circuit later held that the prisoner's remedy under § 2255 in such cases is inadequate or ineffective only if three conditions are met: (1) the petitioner relies on a case of statutory interpretation (rather than a

6

constitutional decision); (2) the petitioner relies on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement was "grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

### B. Petitioner's Claim

Petitioner seeks review of his conviction and sentence under § 2241, arguing that the cocaine he distributed was not an independently sufficient or "but-for" cause of Elizabeth Callison's death, and under *Burrage v. United States*, 134 S. Ct. 881 (2014), he is actually innocent of Count One. (Pet. at 3, 5.)  Accordingly, Petitioner believes his sentence is unlawfully long. (*Id.*)  Because Petitioner is challenging the validity of his conviction and not the manner in which his sentence is being administered, § 2255's exclusive remedy rule bars the present petition unless the savings clause applies.

The Court turns to whether the Petitioner has had "any opportunity" to seek relief from the sentencing court on the claim presented here.  *See Abdullah*, 392 F.3d at 959.  If so, then he cannot show that § 2255 is either inadequate or ineffective.  In his direct appeal, Petitioner could have challenged whether there was sufficient evidence to support the jury's verdict that his distribution of cocaine to Ms. Callison "resulted in" her death, but he did not.  *See Smith*, 2003 WL 1912894, at *1.  Instead, with respect to Count One, Petitioner challenged the portion of the jury instruction stating that the Government need not prove that the transfer of cocaine was in exchange for money, or that it was foreseeable to Petitioner that the cocaine would or could cause the victim's death.  *Id.*

Petitioner previously also sought relief under § 2255 in the sentencing court.  (Mot.

28 U.S.C. § 2255, *Smith v. United States*, No. 4:04-cv-00951-DW (W.D. Mo. Oct. 15, 2004), ECF No. 1.)  Once again, he could have, but did not, raise the sufficiency of the evidence to support the jury's verdict that the cocaine he supplied to Ms. Callison "resulted in" her death.

Petitioner appears to argue that *Burrage* affords him an argument previously unavailable to him when he pursued his direct appeal and his first § 2255 motion, rendering his § 2255 remedy "inadequate or ineffective."  It is true that, having already brought a § 2255 motion, any motion in the Western District of Missouri would be viewed as a "second or successive" § 2255 motion, which cannot be entertained by the trial court without the Eighth Circuit's prior authorization.  28 U.S.C. §§ 2244(b)(3), 2255(h).  The requirement of a pre-authorization order, however, is merely a procedural barrier that does not render Petitioner's remedy under § 2255 ineffective or inadequate.  *See Abdullah*, 392 F.3d at 959.

Moreover, although Petitioner notes that the one-year limitations period for § 2255 motions under 28 U.S.C. § 2255(f) has run since his conviction, (Pet'r's Reply at 5), that also does not render § 2255 inadequate or ineffective, for two reasons.  First, it, too, is merely a procedural barrier, which is not sufficient to trigger the savings clause.  *See Abdullah*, 392 F.3d at 959.  Second, if *Burrage* does, as Petitioner argues, create a new right that is retroactively applicable to cases on collateral review, the one-year limitations period would re-commence on January 27, 2014, the date *Burrage* was decided.  *See* 28 U.S.C. § 2255(f)(3).  Therefore, not only has Petitioner had prior opportunities to raise his claim with the sentencing court, but if *Burrage* in fact created a new and retroactive

8

right, he can still seek a pre-authorization order from the Eighth Circuit to raise this claim in the Western District of Missouri. For these reasons, Petitioner cannot show that the § 2255 remedy is inadequate or ineffective in order to invoke the savings clause in this case.

Petitioner also argues that he is entitled to relief under the savings clause because, in light of *Burrage,* he is actually innocent of Count One. While, as previously noted, the Eighth Circuit has declined to take a position on whether actual innocence is sufficient to bypass the gatekeeping requirements of § 2255, the Court will assess whether *Burrage* meets the strict standard for applying the savings clause described in *Swehla, Davenport,* and *Brown.* Turning to the first condition, there is no question that *Burrage* is a statutory interpretation case, as it interprets the "death results" enhancement factor in 21 U.S.C. § 841(b)(1)(C). The first condition identified in *Brown* to show that the § 2255 remedy is inadequate or ineffective is therefore satisfied.

Petitioner's argument is on rockier footing when it comes to the second condition. Although *Burrage* was decided on January 27, 2014, after Petitioner filed his § 2255 motion on October 15, 2004, no court has yet found *Burrage* retroactively applicable to cases on collateral review. *See, e.g., Rutledge v. Cross*, No. 14-cv-539-DRH, 2014 WL 2535160, at *3 (S.D. Ill. June 5, 2014); *De La Cruz v. Quintana*, No. 14-cv-28-KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014). On the other hand, the Eighth Circuit recently remanded to the district court in the Northern District of Iowa to consider whether *Burrage* applies retroactively. *Ragland v. United States*, 756 F.3d 597, 601-02 (8th Cir. 2014). The Eighth Circuit broadly construed the defendant's motion as claiming that *Burrage* should apply retroactively to cases on collateral review because the Supreme

Court's decision "narrow[ed] the scope of a criminal statute by interpreting its terms." *Id.* It further observed that such "[n]ew *substantive* rules generally apply retroactively" "because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." *Id.* at 602 (citations omitted) (emphasis in original).

This Court need not resolve the question of whether *Burrage* has retroactive application, however, because even if *Burrage* applies retroactively, there is no miscarriage of justice here. First, as already noted, if *Burrage* applies retroactively, then Petitioner still has an opportunity to raise his claim with the sentencing court in a successive § 2255 motion, if he can obtain the necessary pre-authorization order. If *Burrage* does not apply retroactively, then Petitioner fails to meet the second *Brown* condition for applying the § 2255 savings clause.

Second, in this Court's view, the holding in *Burrage* would not have changed the outcome of Petitioner's case.[2] In *Burrage*, the defendant was convicted of distribution of heroin resulting in death. 134 S. Ct. at 886. One expert testified at the trial that multiple drugs were present in the victim's system at the time of his death, and could not say whether the victim would have lived had he not taken the heroin. *Id.* at 885. He could say only that heroin "was a contributing factor" in the victim's death, because it interacted with the other drugs to cause "respiratory and/or central nervous system depression." *Id.* Another expert

---

[2] This Court recognizes the independent authority of the sentencing court. If Petitioner obtains a pre-authorization order from the Eighth Circuit and files a successive motion under § 2255 raising this claim in the Western District of Missouri, that court is, of course, free to disagree with this Court's conclusion about *Burrage*'s impact on his conviction and resulting sentence.

observed that the victim's death would have been "[v]ery less likely," but could not say whether the victim would have lived had he not taken the heroin. *Id.* at 886. Burrage moved for judgment of acquittal, arguing the victim's death did not "result from" the heroin use, because there was no evidence that the heroin was a but-for cause of the death. The trial judge denied this motion, and instructed the jury that the Government needed only to prove "that the heroin distributed by the Defendant was a *contributing cause* of Joshua Banka's death." *Id.* (emphasis added). Burrage was convicted and sentenced to the twenty-year statutory minimum. *Id.* The Eighth Circuit affirmed, finding the contributing-cause instruction proper. *Id.*

The United States Supreme Court granted certiorari. Construing the "results from" phrase to require but-for causality, the Supreme Court held that:

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Id.* at 891. The trial court's instruction to the jury was therefore erroneous because it did not require but-for causation. The Supreme Court reversed Burrage's conviction with respect to that count, and remanded the case for further proceedings. *Id.* at 892.

Petitioner here argues that the trial court in his case erred by using contributing-cause language in the jury instructions to define the causation element of § 841(a)(1). (Pet. at 4.) The language of Jury Instruction 15, however, reflects otherwise:

> The crime of distribution of cocaine which resulted in death, as charged in Count One of the indictment, has three essential elements, which are:
>
> <u>One</u>, the defendant intentionally transferred cocaine to another person;

11

> <u>Two</u>, at the time of the transfer, the defendant knew that it was cocaine; and
>
> <u>Three</u>, that Elizabeth Callison used cocaine that the defendant distributed and *that use resulted in her death*.

(Jury Instruction 15, Ex. A to Resp't's Resp. [Doc. No. 8-1]) (emphasis added). There is no reason to believe the use of the statutory language caused any confusion on the part of the jury with regard to the elements of the crime with which Petitioner was charged. Unlike the contributing-cause language used in *Burrage* (and also in *Ragland*), the verb "result" is, as the Supreme Court recognized in *Burrage*, the language of but-for causation. *See* 134 S. Ct. at 889.

Moreover, nothing in the record supports Petitioner's argument that the cocaine distributed by Petitioner might not have been a but-for cause of the victim's death. (Resp't's Resp. at 15-17 [Doc. No. 7].) While Petitioner insists that the cocaine "interacted with the other drugs (marijuana, LSD, mushrooms, alcohol and depakote) to cause 'respiratory and/or central nervous system depression,'" (Pet. at 3), the trial excerpts identified by Petitioner do not support his claim, (Pet'r's Reply at 2 [Doc. No. 10]; Pet'r's Reply Exs. A-B [Doc. No. 10-1].) In the first trial excerpt, a witness confirmed that he or she "and Sarah and . . . Derrick [Petitioner], all shared the drugs that night," but does not identify which drugs were shared. (Pet'r's Reply Ex. A [Doc. No. 10-1].) And while this witness and another individual testified to having used "mushrooms and coke and LSD and marijuana" at some unspecified time in the past, nothing in the record submitted to the Court indicates that Ms. Callison used those drugs on the night before her death. (*Id.*) In the second excerpt cited by Petitioner, a witness testified she had no knowledge about any

12

illegal drugs taken by Ms. Callison before her encounter with Petitioner, and no firsthand knowledge about Ms. Callison's use of prescribed medication (whether Depakote or something else):

> Q: Okay. Do you know what type of drugs, other than as prescribed medication, that she [Ms. Callison] would have had before going to Mr. Smith's house?
>
> A. No. She didn't have any other drugs except the medication. If she, she took some.
>
> Q: And you knew that?
>
> A. No, I had been told by her family.
>
> Q: I'm sorry, her family told you that she didn't take any drugs before she went to Derrick's house?
>
> A. Her family told me that she took medication.
>
> Q: . . . I am asking you about maybe illegal drugs, illicit drugs, not prescribed medication, that she would have taken before you went to Derrick Smith's house?
>
> A. No. She—no, she did not tell me of any other illegal drugs that she took.

(Pet'r's Reply Ex. B [Doc. No. 10-1].) Petitioner therefore cites no evidence to support the presence of other drugs in Ms. Callison's system, let alone that those drugs contributed in any degree to her death. Respondent, on the other hand, points to testimony by the forensic pathologist that the only drug of abuse for which the victim tested positive was cocaine, which was present at a very high level—higher, in fact, than he had ever seen previously.

(Vol. II Tr. at 180-85, 189, Resp't's Supplemental Filing Attach. 3[Doc. No. 14-3].) The forensic pathologist testified that at the time of Ms. Callison's death, she had no detectible alcohol in her system, and that test results for all other drugs were negative. (*Id.* at 182-83.) He testified unequivocally that she "died as a result of cocaine toxicity," and that alcohol, LSD, and medication she might have been taking for any medical reason had nothing to do with her death. (*Id.* at 180, 201.)

For these reasons, there is no reason to believe that the statutory interpretation offered by *Burrage,* even if assumed to apply retroactively, would have altered Petitioner's conviction or sentence. Accordingly, the Court finds no error in the sentence enhancement constituting a "miscarriage of justice." *See Brown*, 719 F.3d at 586. Petitioner cannot show that the conditions required for the § 2255 remedy to be inadequate or ineffective have been met.

## IV.   RECOMMENDATION

Because Petitioner has not shown the savings clause to apply on any basis, he is not entitled to proceed under 28 U.S.C. § 2241. Accordingly, based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**, and

2. This action be **DISMISSED** for lack of jurisdiction.

Dated: September 10, 2014            s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 1, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a *de novo* determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.