UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DERRICK SMITH, | Case No. 14-CV-0510 (PJS/HB) |
| Petitioner, | |
| v. | ORDER |
| DENESE WILSON, Warden, | |
| Respondent. | |

Derrick Smith, pro se.

James E. Lackner, UNITED STATES ATTORNEY'S OFFICE, for respondent.

In 2002, petitioner Derrick Smith was convicted in the United States District Court for the Western District of Missouri of distribution of cocaine resulting in death in violation of 21 U.S.C. § 841(b)(1)(C) and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Smith was sentenced to concurrent sentences of 340 months' imprisonment for the first offense and 240 months' imprisonment for the second offense. Smith's convictions and sentences were affirmed on appeal. *United States v. Smith*, 66 F. App'x 79 (8th Cir. 2003). In 2004, Smith moved the sentencing court for relief from his sentence under 28 U.S.C. § 2255. Smith's motion was denied, and both the district court and the Eighth Circuit declined to issue a certificate of appealability.

Ten years later, Smith filed an application for a writ of habeas corpus in this District under 28 U.S.C. § 2241. (Smith is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.) The government moved to dismiss Smith's application. In a Report and Recommendation ("R&R") dated September 10, 2014 (but not entered on the docket until

September 11, 2014), Magistrate Judge Hildy Bowbeer recommended that Smith's application be dismissed for lack of jurisdiction.  ECF No. 15.

This matter is before the Court on Smith's objection to the R&R.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court adopts the R&R and dismisses Smith's § 2241 application for lack of jurisdiction.

As noted, Smith was convicted of distribution of cocaine resulting in death in violation of 21 U.S.C. § 841(b)(1)(C).  In *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), the United States Supreme Court interpreted § 841(b)(1)(C) to require that the distributed drugs actually cause the death — i.e., be a "but-for" cause of the death — rather than merely be a "contributing factor" to the death.  Smith argues that *Burrage* applies retroactively to his conviction, and thus his conviction is invalid because his victim did not die solely from ingesting the cocaine that he distributed to her, but rather from a combination of alcohol and cocaine.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's collateral challenge to his conviction or sentence under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of [his] . . . detention."  *DeSimone v. Lacy*, 805

F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255(e)).  The "inadequate or ineffective" test is sometimes referred to as the "savings clause," because when it applies, it can save a § 2241 habeas petition from being dismissed under § 2255's exclusive-remedy rule.  *See Hill*, 349 F.3d at 1091.

A number of the federal courts of appeals have held that the "savings clause" applies — and thus a prisoner may attack his conviction under § 2241 — in "cases in which the petitioner asserts a claim of actual innocence and never had an unobstructed procedural opportunity to raise the claim."  *Abdullah*, 392 F.3d at 960.  To date, the Eighth Circuit has "declined to decide 'whether a claim of "actual innocence" allows a petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause.'"  *Id.* (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000)).  But even if the Eighth Circuit were to adopt this rule, and even if Smith did not have an unobstructed procedural opportunity to raise his *Burrage* claim, Smith cannot attack his conviction in a § 2241 proceeding because he does not have a non-frivolous claim of actual innocence.

The jury that convicted Smith — unlike the jury that convicted the defendant in *Burrage* — was not instructed using "contributing factor" language; rather, the jury was instructed that it could find Smith guilty only if the cocaine that he distributed "resulted in" death.  ECF No. 8-1, Ex. A.  As the Supreme Court has explained, the "ordinary meaning" of "results from" is actual, or but-for, causation.  *Burrage*, 134 S. Ct. at 887.  In short, because Smith's jury was correctly instructed under *Burrage*, Smith is not "actually innocent" of violating 21 U.S.C. § 841(b)(1)(C).

Moreover, there is no reason to believe that the cocaine distributed by Smith was merely a contributing factor to his victim's death and that the jury violated its instructions in convicting him. The jury heard overwhelming and uncontradicted evidence that cocaine — and only cocaine — was the cause of the victim's death. *See, e.g.*, ECF No. 14-3, at 5, 32, 33, 40. In fact, an experienced medical examiner testified that the level of cocaine found in the victim's brain was the highest that he had ever seen. ECF. No. 14-3, at 39.

Smith argues that because the medical examiner found cocaethylene in his victim's blood, and because cocaethylene is formed in the liver when someone uses both cocaine and alcohol, "[i]t [is] a possibility alcohol poisoning was the cause of [the victim's] death." ECF No. 16, at 2. But the medical examiner testified unequivocally that alcohol did not have "anything to do with" the death of Smith's victim. ECF No. 14-3, at 40. The medical examiner explained that there was "very, very little" cocaethylene in the victim's body — so little, in fact, that "they couldn't measure how much was there." ECF No. 14-3, at 37.

For these reasons, the Court adopts the R&R and dismisses Smith's § 2241 application for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 16] and ADOPTS the September 10, 2014 R&R [ECF No. 15]. IT IS HEREBY ORDERED THAT petitioner's 28 U.S.C. § 2241 application is DISMISSED FOR LACK OF JURISDICTION.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: October 30, 2014                               s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge